**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NESIAN JEAN MAKESH, | ) | CASE NO. 1:25-CV-01402-CEF |
| | ) | |
| Plaintiff | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| OXFORD FINANCE LLC, | ) | **ORDER GRANTING MOTION** |
| | ) | **TO DISMISS** |
| Defendant. | ) | |

Before the Court is Defendant Oxford Finance LLC's ("Defendant") motion to dismiss the complaint filed by Plaintiff Makesh ("Plaintiff").  (ECF Nos. 4, 1-1).  Plaintiff did not respond to Defendant's motion.  For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss, and this case is **DISMISSED WITH PREJUDICE**.

## I.    FACTUAL BACKGROUND

Plaintiff is the founder and former operator of assisted living and memory care properties, CV Lantern Properties, LLC; Madison Lantern Properties, LLC; Saybrook Lantern Properties, LLC; Orcus Systems and Solutions, Inc.; Lantern of Saybrook, Inc.; and Lantern of Chagrin Valley, Inc., collectively known as Lantern Communities, or Lantern Entities LLC ("Lantern Entities").  (ECF No. 1-1, PageID #7; ECF No. 4-1, PageID #26; ECF No. 4-4).  In 2021, Defendant and Lantern Entities entered into a Term Loan and Security Agreement ("Loan Agreement"), whereas Defendant was the Lender and Lantern Entities was the Borrower.  (ECF No. 4-1, PageID #26; ECF No. 4-4).  The Loan Agreement provided for a loan amount of $24,000,000 from Defendant to Lantern Entities.

1

When the loans matured in 2023, Lantern Entities failed to repay them in full.  (ECF No. 4-1, PageID #26).  In November 2023, Defendant filed suit against Lantern Entities for breach of contract and mortgage foreclosures in *Oxford Finance LLC v. CV Lantern Properties, LLC, et al.*, Case No. 1:23-cv-2175 (N.D. Ohio) (J. Polster) (the "Receivership Action").  (ECF Nos. 4, 4-3; 4-4).   In the Receivership Action, Lantern Entities filed an answer, stating that Defendant and Lantern Entities were parties to the Loan Agreement and Plaintiff was a guarantor of the loan, but did not assert any counterclaims.  (ECF No. 4-5).  Defendant obtained appointment of a receiver over the Lantern Entities, and the Court approved the sale of Lantern Entities' assets and operations.  (ECF No. 4-1, PageID #27).

## II.      PROCEDURAL HISTORY

On June 4, 2025, Plaintiff initiated this action in the Court of Common Pleas in Geauga County, alleging that "Plaintiff entered into a commercial mortgage loan agreement with Defendant."  (ECF No. 1; ECF No. 1-1, PageID #10).  Plaintiff alleges six causes of action pertaining to the alleged commercial mortgage Loan Agreement: (1) breach of implied duty of good faith and fair dealing; (2) fraudulent misrepresentation; (3) negligence; (4) tortious interference with contractual relations; (5) conversion; and (6) declaratory judgment regarding the release clause within the Loan Agreement.  (ECF No. 1-1, PageID #11–13).

Defendant removed the matter to this Court on July 3, 2025.  (ECF No. 1).  On July 10, 2025, Defendant filed the instant motion to dismiss.  (ECF No. 4, PageID #24).  Defendant asserts two bases for dismissal: (1) that Plaintiff lacks standing, and (2) that Plaintiff's claims were compulsory counterclaims in another action, and the failure to assert them in that action bars this Court's consideration of the claims.  (*Id.*).  Plaintiff did not oppose Defendant's motion to dismiss.

### III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) attacks the complaint by alleging that it "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is not probability; plausibility "simply calls for enough fact to raise a reasonable expectation that discovery" will be fruitful.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007). Ultimately, a claim is facially plausible when the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant is liable for his actions.  *Iqbal*, 556 U.S. at 678.

A court may only reference factual allegations in the pleadings when deciding a motion under Fed. R. Civ. P. 12(b)(6).  *Tebault v. United States*, 778 F. Supp. 3d 912, 917 (W.D. Ky. 2025).  If a party presents matters outside the pleadings, the court must treat the motion "as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Documents which may be treated as part of the pleadings include "exhibits attached to a Complaint, public records, items appearing in the record of the case, and a motion to dismiss[.]"  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  The Sixth Circuit only considers "[d]ocuments that a defendant attaches to a motion to dismiss [as] part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim."  *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997).

Generally, when a party fails to respond to arguments raised in a defendant's motion to dismiss, courts assume that the party "concedes [the] point and abandons the claim."  *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021); *Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007). *Pro se* plaintiffs, however, enjoy a more lenient standard, and courts hold a *pro se* plaintiff's filings to a "less stringent standard than pleadings prepared by attorneys."  *Crable v. City of Cleveland*,

3

No. 1:23-cv-00978, 2024 WL 665023, at *4 (N.D. Ohio Feb. 16, 2024).  Nonetheless, leniency has its limits; *pro se* plaintiffs must still abide by pleading basic standards.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Thus, despite Plaintiff's failure to oppose Defendant's motion to dismiss, the Court will still assess its merits.

IV.    LAW AND ANALYSIS

A.  Standing

Defendant argues that Plaintiff, in his personal capacity, was not a party to the original Loan Agreement, and therefore lacks standing to bring suit.  (ECF No. 4-1, PageID #32).  In its motion, Defendant argues that each of Plaintiff's claims are instead Lantern Entities' claims, as each claim relates to the terms of the Loan Agreement between Lantern Entities and Defendant. (*Id*.).  Accordingly, Defendant contends that Plaintiff fails to show he *personally* suffered an injury traceable to Defendant's conduct and redressable by the requested relief.  (*Id*.).

In any federal case, "[s]tanding is a threshold issue … and must be present at the time the complaint is filed."  *Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017).  Thus, a court must be sure of a litigant's standing to bring claims before addressing the claims' merits. *See Inner City Cont., LLC v. Charter Twp. of Northville*, 87 F.4th 743, 750 (6th Cir. 2023) ("Without standing, a federal court has no jurisdiction to hear the case.  Therefore, we must determine whether [the plaintiff] has standing to assert its claims at the outset.").

The party invoking federal jurisdiction must establish standing by demonstrating three elements: (1) an "injury-in-fact"; (2) that the injury is "fairly traceable" to the defendant's conduct; and (3) that the injury is redressable by the court's decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  These three elements comprise the "actual cases or controversies" subject to the jurisdiction of the federal courts by Article III of the Constitution.  *Murray v. U.S. Dep't of*

4

*Treasury*, 681 F.3d 744, 748 (6th Cir. 2012).  As such, an attack on standing is an attack on subject matter jurisdiction under Federal R. Civ. P. 12(b)(1).  *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013).

Generally, a member of a limited liability company does not have standing to bring claims in their individual capacity if the claims belong to the LLC.  A limited liability company, or LLC, "exists as an entity separate from its members and is capable of suing and being sued."  *Miller v. Bates*, 270 N.E.3d 241, 251 (Ohio Ct. App. 2025).  As such, a member of an LLC "cannot assert the LLC's claims in its own name," even if they are the sole members of the entity.  *CajunLand Pizza, LLC v. Marco's Fran., LLC*, No. 3:20-CV-536, 2021 WL 9166417, at *3 (N.D. Ohio June 8, 2021) (quoting *Torrance v. Rom,* 157 N.E.3d 172, 185 (Ohio Ct. App. 2020)) (explaining that plaintiff "pled no viable claims of its own [because] [a]s a member of an LLC, [plaintiff] cannot assert the LLC's claims in its own name"); *Ogle v. Hocking Cty.*, No. 14CA3, 2014 WL 6977628, at *6 (Ohio Ct. App. Dec. 8, 2014); *Trickett v. Masi*, No. 2018-P-0006, 2018 WL 5257914, at *3 (Ohio Ct. App. Oct. 22, 2018).  Accordingly, claims may be dismissed for lack of standing when an LLC member attempts to assert claims on the company's behalf because these claims belong to the company, not the member.  *Klosterman v. Konza, LLC*, No. 1:25-CV-312, 2025 WL 3534109, at *7 (S.D. Ohio Dec. 10, 2025); *Sobh v. Am. Fam. Ins. Co.*, 755 F. Supp. 2d 852, 856 (N.D. Ohio 2010).

The claims Plaintiff asserts belong to Lantern Entities, not to him.  Each of Plaintiff's claims relate to the disputed loan between Lantern Entities and Defendant: alleged misrepresentation of the loan terms, an improper loan structure, and predatory servicing practices.  (ECF No. 1-1, PageID #10).  This is evident throughout Plaintiff's complaint.  For example, Plaintiff incorrectly refers to himself as a party to the Loan Agreement in the complaint when he

5

says, "I entered a financing relationship with Oxford Finance LLC," (*Id*. at PageID #8) and that, "Plaintiff entered into a commercial mortgage loan agreement with Defendant for properties." (*Id*. at PageID #10).  However, it was not Plaintiff, but *Lantern Entities* who was a signatory and party to the Loan Agreement and Receivership Action.  ECF No. 4-4 (Loan Agreement).[1]  Plaintiff was not a signatory to the Loan Agreement in his individual capacity, nor was he designated as a party to it.  (*Id*.).  Plaintiff was only a guarantor, and he is not raising claims, nor does he request recovery related to his guarantor status.  (*Id*.).

Further, Plaintiff is impermissibly attempting to sue and recover on behalf of an LLC.  Like the plaintiff in *Cajunland*, Plaintiff does not have standing to bring claims that belong to the LLC and cannot personally recover on the LLC's behalf.  Plaintiff argues that Defendant imposed unsuitable fees and interest rates, mishandled payments, threatened foreclosure, and demanded and seized funds from the disputed loan.  (ECF No. 1-1, PageID #10).  Again, these claims are for Lantern Entities to bring as the Borrower in and signatory to the Loan Agreement, not Plaintiff.

Therefore, the Court finds that Plaintiff lacks standing to assert his claims because he was not a party to the Loan Agreement under which he seeks to assert claims, and he is attempting to recover on behalf of claims belonging to Lantern Entities.  Absent standing, the Court need not address whether Plaintiff's claims were compulsory counterclaims under Federal Rule 13(a).

---

[1] The Loan Agreement explicitly states: "THIS TERM LOAN AND SECURITY AGREEMENT (as the same may be amended, restated, modified or otherwise supplemented from time to time, this "Agreement") is dated as of May 6, 2021, by and among OXFORD FINANCE LLC, a Delaware limited liability company ("Oxford"), each other financial institution from time to time party hereto pursuant to Section 14.11(a) hereof (with Oxford, collectively "Lenders" and each a "Lender"), and Oxford, as Agent for the Lenders (in such capacity, "Agent"), and CV LANTERN PROPERTIES, LLC, an Ohio limited liability company, MADISON LANTERN PROPERTIES, LLC, an Ohio limited liability company, SAYBROOK LANTERN PROPERTIES, LLC, an Ohio limited liability company, ORCUS SYSTEMS AND SOLUTIONS, INC., an Ohio corporation, LANTERN OF SAYBROOK, INC, an Ohio corporation, and LANTERN OF CHAGRIN VALLEY, INC, an Ohio corporation (each individually, a "Borrower" and collectively, "Borrowers")." ECF No. 4-4 (Loan Agreement).

**III.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF #4).

**IT IS SO ORDERED.**

Date: March 20, 2026

_____

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**